1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

REGINALD B. DeJOHNETTE,          )   No. C 08-5604 MMC (PR)
                                 )
          Plaintiff,             )   **ORDER GRANTING EXTENSION OF**
                                 )   **TIME TO FILE AMENDED**
     v.                          )   **COMPLAINT; DENYING AS**
                                 )   **UNNECESSARY MOTION TO**
S. HUBBARD, et al.,              )   **EXCEED PAGE LIMITATION;**
                                 )   **DISMISSING AMENDED**
          Defendants.            )   **COMPLAINT WITH LEAVE TO**
_____  )   **AMEND**

                                     **(Docket Nos. 14, 15, 16)**

     On December 16, 2008, plaintiff, a California prisoner then incarcerated at the

Correctional Training Facility at Soledad ("CTF-Soledad") and proceeding pro se, filed the

above-titled civil rights action under 42 U.S.C. § 1983.  Thereafter, the Court dismissed the

complaint under Rule 8(a) of the Federal Rules of Civil Procedure, on the ground the

allegations in the complaint were so lengthy, repetitive and unnecessarily detailed that the

Court could not readily determine whether plaintiff stated cognizable claims for relief against

any of the named defendants.  The Court granted plaintiff leave to file an amended complaint

"in which he clearly and succinctly sets forth each claim for relief and links each defendant

to the alleged injury, or injuries, for which that defendant is alleged to be responsible."

(Order, filed Aug. 24, 2009, at 4:5-7.)  Plaintiff has filed an amended complaint, which the

1   Court now reviews.[1]

2                                    **DISCUSSION**

3   A.      Standard of Review

4           A federal court must conduct a preliminary screening in any case in which a prisoner

5   seeks redress from a governmental entity or officer or employee of a governmental entity.

6   See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and

7   dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may

8   be granted or seek monetary relief from a defendant who is immune from such relief.  See id.

9   § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v.

10  Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

11          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

12  elements: (1) that a right secured by the Constitution or laws of the United States was

13  violated, and (2) that the alleged violation was committed by a person acting under the color

14  of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

15  B.      Plaintiff's Claims

16          The amended complaint is twenty-six pages long and names twenty-six defendants.

17  The events referenced in the complaint occurred between 2005 and 2009.  According to

18  plaintiff, all of the defendants have, in one way or another, denied him due process and

19  access to the courts either by refusing to process his administrative appeals and/or denying

20  him the ability to send and receive "confidential legal mail."  (AC at Q3:8-23.)

21          Although the Court has been able to discern the above from the allegations in the

22  amended complaint, the Court is unable to determine, as was the case with plaintiff's original

23  complaint, whether the amended complaint states cognizable claims for relief against each of

24  the named defendants.  Specifically, as with the original complaint, plaintiff has alleged so

25  _____

26          [1]Good cause appearing, plaintiff's requests for an extension of time to file the
    amended complaint will be granted.  Consequently, the amended complaint is deemed timely.
27  Further, plaintiff's request to exceed applicable page limitations will be denied as
    unnecessary.  Northern District Local Rule 7-4 applies to the length of briefs or memoranda
28  filed in support of an opposition or reply, not to the length of a pleading.

United States District Court
For the Northern District of California

many facts pertaining to so many different events and defendants that the amended complaint

fails to meet the requirement of Rule 8(a), specifically, the amended complaint does not set

forth "a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a)(2).  Additionally, the amended complaint does not meet the requirements

of Rule 8(d), which Rule provides that each allegation of a pleading "must be simple,

concise, and direct."  Fed. R. Civ. P. 8(d)(1).

The amended complaint also appears to be replete with improperly joined claims and

defendants.  A plaintiff may properly join as many claims as he has against an opposing

party.  Fed. R. Civ. P. 18(a).  Nevertheless, while multiple claims against a single party may

be alleged in a single complaint, unrelated claims against different defendants must be

alleged in separate complaints.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)

(finding, under Rule 18(a), prisoner improperly brought complaint raising fifty distinct

claims against twenty-four defendants).  Further, parties may be joined as defendants only if

"any right to relief is asserted against them jointly, severally, or in the alternative, with

respect to or arising out of the same transaction, occurrence, or series of transactions and

occurrences," Fed. R. Civ. P. 20(a)(2)(A), and, "any question of law or fact common to all

defendants will arise in the action," Fed. R. Civ. P. 20(a)(2)(B).  As a practical matter, this

means that claims involving different parties cannot be joined together in one complaint if

the events giving rise to the claims were not factually related in some way – that is, if there

was not "similarity in the factual background."  Coughlin v. Rogers, 130 F.3d 1348, 1350

(9th Cir. 1997).  General allegations are not sufficient to constitute similarity when the

specifics are different.  Id.

In sum, under the above-referenced Federal Rules, plaintiff can proceed with all of his

claims against all of the named defendants only if he can assert against each defendant a right

to relief that meets the requirements of Rule 20(a).  It is clear from the allegations in the

amended complaint, however, that the right to relief plaintiff asserts against the twenty-six

named defendants, for events that occurred over a four-year period of time, did not arise out

of "the same transaction, occurrence, or series of transactions and occurrences" and that there

1   is not a question of law or fact common to all the defendants.

2       Consequently, as the amended complaint does not meet the requirements of Rules 8,

3   18 and 20, the amended complaint will be dismissed.  Plaintiff, however, will be granted one

4   further opportunity to file an amended complaint that cures the noted pleading deficiencies.

5   In particular, as noted, plaintiff may file either (1) a complaint that brings one or more claims

6   against one defendant, as set forth in Rule 18(a), or (2) a complaint that brings one or more

7   claims against multiple defendants, but only if those defendants can be properly joined under

8   Rule 20(a)(2).  <u>Plaintiff's claims that do not satisfy Rule 20(a) must be brought by plaintiff in</u>

9   <u>separate complaints filed in new and separate actions.</u>

10                                      **CONCLUSION**

11      For the reasons stated above, the Court orders as follows:

12      1.  Plaintiff's motions for an extension of time to file the amended complaint are

13   hereby GRANTED.

14      2.  Plaintiff's request to exceed page limitations is hereby DENIED as unnecessary.

15      3.  The amended complaint is hereby DISMISSED with leave to amend.  Within

16   **thirty (30) days** of the date this order is filed, plaintiff may file an AMENDED

17   COMPLAINT, **<u>using the court's form civil rights complaint</u>**, in order to cure the

18   deficiencies noted above.  Plaintiff shall complete the form, a copy of which is provided

19   herewith, and include in the caption both the case number of this action, No. C 08-5604

20   MMC (PR), and the heading " SECOND AMENDED COMPLAINT."

21      An amended complaint supersedes the initial complaint and may not incorporate by

22   reference any parts of the original complaint.  <u>London v. Coopers & Lybrand</u>, 644 F.2d 811,

23   814 (9th Cir. 1981).  Defendants not named in an amended complaint are no longer

24   defendants.  <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir.1992).  These rules govern

25   actions filed by pro se litigants as well as litigants represented by counsel.  <u>See</u> <u>King v.</u>

26   <u>Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).

27      <u>If plaintiff fails to timely file an amended complaint in conformity with this order, the</u>

28   <u>complaint will be dismissed without prejudice and the case will be closed.</u>

United States District Court
For the Northern District of California

4.  It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

This order terminates Docket Nos. 14, 15 and 16.

IT IS SO ORDERED.

DATED: August 2, 2010

MAXINE M. CHESNEY
United States District Judge

United States District Court
For the Northern District of California