IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD B. DeJOHNETTE,<br><br>    Plaintiff,<br><br>  v.<br><br>S. HUBBARD, et al.,<br><br>    Defendants.<br>_____ | No. C 08-5604 MMC (PR)<br><br>**ORDER DENYING EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT; DISMISSING ACTION WITHOUT PREJUDICE**<br><br>**(Docket Nos. 24 & 25)** |

On December 16, 2008, plaintiff, a California prisoner then incarcerated at the Correctional Training Facility at Soledad ("CTF-Soledad") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. Thereafter, the Court dismissed the complaint under Rule 8(a) of the Federal Rules of Civil Procedure, on the ground the allegations in the complaint were so lengthy, repetitive and unnecessarily detailed that the Court could not readily determine whether plaintiff stated cognizable claims for relief against any of the named defendants. The Court granted plaintiff leave to file an amended complaint "in which he clearly and succinctly sets forth each claim for relief and links each defendant to the alleged injury, or injuries, for which that defendant is alleged to be responsible." (Docket No. 8 at 4:5-7.)

Plaintiff filed his amended complaint more than five months later, after having been granted two extensions of time to comply with the Court's order. Thereafter, the Court, in its

1 August 2, 2010 order reviewing the amended complaint, determined the amended complaint
2 suffered from the same pleading deficiencies as the original complaint, as well as other
3 problems.

4 In particular, the Court concluded that the amended complaint, which raised claims
5 against twenty-six defendants for events that occurred over a four-year period, was subject to
6 dismissal because: (1) contrary to the pleading requirements of Rule 8, plaintiff had alleged
7 so many facts pertaining to so many different events and defendants that the Court was
8 unable to determine whether the amended complaint stated cognizable claims for relief
9 against the named defendants; (2) the amended complaint did not meet the requirement of
10 Rule 8(d), as the allegations in the amended complaint were not "simple, concise, and
11 direct"; and (3) the amended complaint did not meet the requirements of Rules 18(a) and
12 20(a), as the amended complaint was replete with improperly joined claims and defendants.
13 (Docket No. 23 at 2:16-4:1.)

14 Having explained in detail to plaintiff the infirmities of his amended complaint, the
15 Court granted plaintiff one further opportunity to file an amended complaint that would cure
16 the noted pleading deficiencies. He was granted thirty days to do so, and was expressly
17 informed as follows: "If plaintiff fails to timely file an amended complaint in conformity
18 with this order, the complaint will be dismissed without prejudice and the case will be
19 closed." (Id. at 4:27-28.)

20 Plaintiff did not file an amended complaint. Rather, on September 3, 2010, the
21 thirtieth day after the Court's order of dismissal with leave to amend was filed, plaintiff sent
22 to the Court an eleven-page request for an additional sixty days to file an amended complaint.
23 In support of his request, plaintiff asserts that he did not have access to his legal property
24 from May 10 to June 25, 2010; that by July 18 and August 20, 2010, respectively, he was
25 required to file a notice of appeal in a civil rights action he brought in the Central District and
26 opposition to a motion to dismiss in a civil rights action he is prosecuting in this district,
27 DeJohnette v. Hubbard, No. C 08-4844 MMC (PR); and that he was only able to gain
28 sporadic access to the law library in July and August 2010, which caused him to be unable to

2

research matters necessary to filing his amended complaint.

Plaintiff's request will be denied, as the asserted reasons for an extension of time are not persuasive. In particular, plaintiff's notice of appeal in his Central District case was due more than two weeks before the start of the thirty-day extension granted in the instant action and, consequently, has no bearing thereon. Further, plaintiff has failed to show why he could not file both his opposition in Case No. C 08-4844 and his amended complaint herein within the time allowed; plaintiff had been given over nine months to file such opposition and, in any event, had two weeks thereafter in which to amend his pleading in the instant action without other filing obligations, which amendment essentially required plaintiff to edit the factual underpinnings of his claims, rather than to engage in legal research. Moreover, the instant action was filed approximately twenty-two months ago, plaintiff has been afforded more than a year to file an amended complaint that meets the requirements of the Federal Rules of Civil Procedure, of which more than seven months are attributable to his most recent pleading, and the Court has twice explained in detail to plaintiff what he must do in order to avoid dismissal. Lastly, plaintiff's ability to file the instant eleven-page request for an extension of time, which request recites in detail the facts on which plaintiff relies to support his contention that he could not timely file an amended complaint, reflects plaintiff's choice to file the instant motion rather than comply with the Court's order to file an amended complaint.

Accordingly, plaintiff's request for an extension of time to file an amended complaint is hereby DENIED, and the instant action is hereby DISMISSED without prejudice to plaintiff's filing, in a new and separate action, a complaint that meets the pleading requirements of the Federal Rules of Civil Procedure.

This order terminates Docket Nos. 24 and 25.

IT IS SO ORDERED.

DATED: October 19, 2010

MAXINE M. CHESNEY
United States District Judge